INTERNATIONAL PAPER COMPANY, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, July, 1917.)

Carriers — of merchandise — liability of — what constitutes an act of God — negligence — evidence — actions.

> An unprecedented flood constitutes an act of God and a loss caused thereby is an exception to the liability of a carrier of goods as an insurer and it can only be held liable upon proof that its negligence contributed as a proximate cause to the destruction of the goods.
>
> On the night of the day that a car-load of paper delivered by plaintiff to a carrier had been delivered to the defendant carrier it was destroyed during an unprecedented flood which caused the Hudson river to overflow its banks and cover the tracks in defendant's freight yards where plaintiff's car had been placed. In an action to recover for the destruction of the paper it appeared that in the flood a car of unslacked lime

becoming wet set fire to all surrounding cars and that by reason
of the height of the water over the tracks defendant could not
remove or protect the car.   Upon reversing a judgment in
favor of plaintiff and ordering a new trial, *held,* that defend-
ant was not negligent in failing to act after the flood had
rendered futile all attempts to save the car in which plaintiff's
goods were shipped; that if it was negligent at all it was
because of failure to take proper precautions earlier when the
river began to rise.

That while the amount of care in that regard which could
reasonably be demanded of defendant would naturally depend
upon how far the conditions existing on the day of delivery of
plaintiff's car to defendant, and on the day before, gave reason-
able ground for expecting that the flood would rise so high as to
endanger goods in defendant's possession, the admission of
evidence that on the day before delivery of plaintiff's car to
defendant a weather observer in government service had issued
flood warnings, without proof that the forecast was called to
defendant's attention or at least that it had such general circu-
lation as to justify the inference that defendant's employees
knew of it, was clearly erroneous and prejudicial.

APPEAL by the defendant from a judgment of the
City Court of the city of New York, entered in favor
of the plaintiff and from an order denying the defend-
ant's motion to set aside the verdict and for a new
trial.

Alex S. Lyman (Wm. Mann, of counsel), for appel-
lant.

Levy & Becker (Joseph Levy, of counsel), for
respondent.

LEHMAN, J.   The plaintiff has recovered a judgment
for the destruction of a car-load of paper delivered
by the plaintiff to the Delaware and Hudson Company
for transportation to New York.   The car was deliv-
ered by the Delaware and Hudson Company to the

defendant on March twenty-seventh and was destroyed that night during an unprecedented flood which caused the Hudson river to overflow its banks and cover the tracks in the railroad freight yards where the plaintiff's car had been placed. It sufficiently appears that in the flood a car of unslaked lime becoming wet set fire to all the surrounding cars and by reason of the height of water over the tracks the defendant could not remove or protect these cars. The defendant at common law and under its bill of lading is not responsible for loss of goods due to an act of God. There can be no doubt but that the flood constituted an act of God and loss caused thereby constitutes an exception to the defendant's liability as an insurer. It can therefore be held liable only if any negligence of its own contributed as a proximate cause to the destruction of these goods. It was plainly not negligent in failing to act after the flood had rendered futile all attempts to save the car in which plaintiff's goods were shipped. If it was negligent at all it must be because it failed to take proper precautions earlier when the river first started to rise. The amount of care in that regard which could reasonably be demanded of the defendant would naturally depend upon how far the conditions existing on March twenty-sixth and March twenty-seventh gave reasonable ground for expecting that the flood would rise so high as to endanger goods in the defendant's possession. As evidence that such conditions existed, the plaintiff showed that on March twenty-sixth a forecaster or weather observer in government service issued and distributed a weather map containing a statement that "flood warnings have been issued for Albany and vicinity; the river is expected to reach a height of 15 feet or over in the next 24 or 36 hours." Such a rise in the river would not have endangered any goods

in the defendant's yards.   On March twenty-seventh the forecaster issued no printed prediction as his office in Albany was flooded, but he telephoned warning of a greater rise to the Troy *Times* and to other people in Troy.   It is not shown that this warning was ever brought to the attention of any of the defendant's employees or even that the Troy *Times* published it. I cannot see any theory upon which such testimony can be considered relevant.   If it was admitted to show that conditions on March twenty-seventh were sufficiently extraordinary to permit the government expert to deduce that a great flood was coming, it is evidently irrelevant for it does not appear upon what facts or reports the witness made his predictions or that the same facts or reports were or should have been known by the defendant's employees.   Moreover the fact that a certain expert foresaw the flood does not show or tend to show that the defendant could reasonably be expected to foresee it even if it had the same information as to the conditions of the weather, etc. If, on the other hand, this testimony was admitted not to show prevailing conditions of the weather and river or the conclusion derived therefrom by the witness, but merely to show that flood warnings had been issued and as a circumstance to be considered upon the question whether the defendant could not reasonably be expected to have taken some precautions against the coming of the flood, then obviously it would be irrelevant without proof showing that the forecast was called to defendant's attention or at least that it had such general circulation as to justify the inference that defendant's employees knew of it. The admission of this evidence of the forecaster seems to me clearly erroneous and prejudicial and requires the reversal of the judgment.

The appellant also urges several interesting points

of law as to which he urges that the trial justice charged erroneously. The language of the charge on these points is not, however, sufficiently clear to require us to pass upon its technical correctness since in any event we must reverse the judgment.

Judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

BIJUR and ORDWAY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.